# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARQUEZ GALAANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 15-00617-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 31, 2015, Pedro Marquez Galaang ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on July 13, 2015. On September 30, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 53-year-old male who applied for Social Security Disability Insurance benefits on November 23, 2011, alleging disability beginning May 28, 2011. (AR 21.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 28, 2011, the alleged onset date. (AR 23.)

Plaintiff's claim was denied initially on May 2, 2012, and on reconsideration on August 31, 2012. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lynn Ginsberg on May 14, 2013, in Palm Springs, California. (AR 21.) Plaintiff appeared and testified at the hearing and was represented by a non-attorney representative. (AR 21.) Vocational expert ("VE") Troy L. Scott also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on August 16, 2013. (AR 21-30.) The Appeals Council denied review on January 28, 2015. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's treating physician's opinion.
2. Whether the ALJ properly considered the examining physician's findings.
3. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 28, 2011, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: left side homonymous hemianopsia/loss of visual fields; hypertension; history of stroke; gout; atrial fibrillation; hypertensive cardiovascular disease; and degenerative disc disease of the lumbar spine. (AR 23-24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and SSR 83-10 with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks and he can sit for six hours out of an eight-hour workday with regular breaks with a sit/stand option; and he is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. Claimant can never to rarely climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Claimant is also limited to never to rarely using hazardous moving machinery and never to rarely working near unprotected heights. Lastly, he is limited to jobs that do not require perfect vision or jobs where acute peripheral vision is required to avoid workplace hazards.

(AR 24-28.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 25.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a fire sprinkler inspector. (AR 28-29.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of ticket taker, packing machine operator, and small products assembler. (AR 29-30.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 30.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in rejecting the opinions of treating physician Dr. Robert Klein and the examining orthopedist, Dr. Ralph Steiger. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the

treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

    1. Dr. Klein

Following a stroke in April 2011, Plaintiff sought treatment for blurred vision on the left side. (AR 25.) He claims he cannot work due to visual loss. (AR 25.) His treating physician, Dr. Robert Klein, opined Plaintiff was disabled. (AR 25, 317, 342-345.) The ALJ, however, gave little weight to this opinion because it is "quite conclusory, providing no explanation of the evidence relied on in forming that opinion." (AR 27.) The ALJ also found that '[n]o positive objective clinical or diagnostic findings were cited to support the functional assessment." (AR 27.) An ALJ need not accept the opinion of a treating physician if that opinion is brief, conclusory and inadequately supported by clinical findings or is contradicted by his or her treating notes. Bayliss, 427 F.3d at 1216; Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004)..

Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Klein's opinion. Plaintiff argues that the ALJ should have provided a more explicit explanation supported by evidence in the record. Plaintiff's contentions lack merit.

To begin, Dr. Klein's notes are but a few pages, his opinions are conclusory, and they are not accompanied by any explanation of the evidence relied on or positive objective clinical or diagnostic findings. Plaintiff fails to address the ALJ's findings directly. Plaintiff does not point to any explanation of the evidence relied on, positive objective clinical or diagnostic findings, or anything else in Dr. Klein's notes that would support his opinion of disability or contradict the ALJ's findings.

Plaintiff, moreover, is mistaken in asserting the ALJ failed to provide any explanation supported by evidence in the record. Quite to the contrary, the ALJ found as follows:

> When he had a stroke in April of 2011, the claimant indicated he lost vision on the left side. However, examination revealed no significant visual field defect. The claimant was noted to have fairly good visual fields to confrontation all around to movement. His physician indicated that the claimant might have some blurriness but definitely had no complete vision loss in any quadrant (Ex. 14F).

(AR 25-26, 342.) Exhibit 14F contains the treatment notes of Dr. Klein. The ALJ also noted that, despite Claimant's alleged loss of vision, he watched television, drove his wife to work and his daughter to school and picked them up, used the computer, performed household chores, shopped for groceries, and managed his finances. (AR 25.) Plaintiff argues that the ALJ should have recontacted Dr. Klein, but Dr. Klein himself noted Plaintiff could drive and had no visual field defect. (AR 342.) See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (duty to develop record only triggered when the evidence is ambiguous or the record is inadequate for proper evaluation of evidence). Dr. Klein's findings were not ambiguous nor inadequate for proper evaluation of the evidence. They were simply insufficient to establish disability.

Thus, the ALJ assessed Plaintiff with a RFC which contains a limitation to jobs that do not require perfect vision or acute peripheral vision needed to avoid workplace hazards. (AR 24.) The ALJ concluded that the assessed RFC is supported by the evidence. Plaintiff does not cite any evidence of record that would contradict the ALJ's RFC as to visual limitations.

The ALJ rejected Dr. Klein's opinion for specific, legitimate reasons supported by substantial evidence.

### 2. Dr. Steiger

Plaintiff contends he cannot work because of back pain. (AR 25.) The ALJ found that Plaintiff has degenerative disc disease of the lumbar spine. (AR 23.) Nonetheless, the ALJ assessed Claimant with a light work RFC with limitations. (AR 24.) On March 12, 2013, Plaintiff underwent a consultative orthopedic examination with Dr. Ralph Steiger. (AR 28, 384-398.) Dr. Steiger noted that the Claimant had had no surgeries or hospitalizations and was not wearing any lumbar support. (AR 26.) Plaintiff's gait was within normal limits, without any assistance devices for ambulation. (AR 26.) He diagnosed degenerative disc disease of the lumbar spine. (AR 26.) Dr. Steiger assessed Claimant with a RFC for less than sedentary work. (AR 28.) He opined Plaintiff could sit two hours in an eight hour day and stand and/or walk for four hours, and lift/carry only up to 10 pounds. (AR 28.) He concluded that Claimant's condition would preclude him from a full time competitive job on a sustained basis. (AR 28, 390.)

The ALJ gave little weight to Dr. Steiger's opinion because it "contrasts sharply with other evidence of record, including Claimant's activities of daily living, the lack of aggressive treatment for his back pain, his refusal to take prescription pain medications, lack of muscle atrophy and refusal to receive injections and acupuncture for his pain." (AR 28.) Plaintiff barely addresses the ALJ's reasons for rejecting Dr. Steiger's opinion, arguing instead that the reasons are irrelevant and mostly related to Plaintiff's credibility. Plaintiff's assertion is without merit. A physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th

Cir. 2001). The ALJ here properly discounted Plaintiff's subjective symptoms (AR 25, 28), discussed below.

An ALJ, moreover, may discount a physician's opinion based on Plaintiff's own admitted or observed abilities that conflict with it. Bayliss, 427 F.3d at 1216. Here the ALJ found Plaintiff has engaged in a somewhat normal level of daily activity, including driving, using the computer, performing household chores, and shopping for groceries. (AR 26-27.) The ALJ reasonably found that these activities are inconsistent with Dr. Steiger's opinion. (AR 28.)

Similarly, the ALJ found that Plaintiff had not generally received the type of medical treatment one would expect of a totally disabled individual. (AR 27.) The ALJ also found Plaintiff's treatment to be "essentially routine and conservative." (AR 27.) The ALJ further found that the lack of more aggressive treatment, surgical intervention or even a referral to an orthopedic surgeon for his back pain suggests that his impairments and limitations are not as severe as alleged. (AR 27.) An ALJ may discount a claimant's subjective symptoms for conservative treatment. Parra, 481 F.3d at 750-51. The ALJ reasonably concluded that Dr. Steiger's opinion was undermined by the lack of aggressive treatment for his back pain. (AR 28.)

The ALJ next found that Dr. Steiger's opinion was undermined by Claimant's refusal to take prescription pain medications, injections and acupuncture for his back pain, and Plavix and Coumadin for his heart condition. (AR 27, 28.) An ALJ may discount the subjective symptom allegations of a claimant who failed or refused to follow a prescribed treatment regimen. Fair v. Bowen, 885 F.3d 597, 603 (9th Cir. 1989). Dr. Steiger's opinion also was undermined by the lack of muscle atrophy. (AR 28.) There is no evidence of atrophy in the Claimant's back, upper extremities, or lower extremities. (AR 28.)

Plaintiff disputes the ALJ's interpretation of the record evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS

Plaintiff contends that the ALJ erred in rejecting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 25.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible. (AR 25.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

11

First, the ALJ found that the objective medical evidence does not support the alleged severity of symptoms. (AR 28.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff alleged depression but never saw a psychiatrist or received outpatient psychiatric treatment, medications, or psychotherapy. (AR 27.) Plaintiff himself admitted he had no particular mental symptoms. (AR 24.) The ALJ found a lack of objective evidence to substantiate the existence of a medically determinable mental impairment. (AR 24.) Plaintiff also alleged that he was unable to work because of visual loss (AR 25), but tests showed there was no complete vision loss in any quadrant. (AR 26.) Plaintiff alleged he could not work because of back pain, but x-ray images revealed only mild to moderate spasm and moderate degenerative disc disease. (AR 26.) Plaintiff has no muscle atrophy in his back, upper extremities, or lower extremities. (AR 27.) His gout was treated with medications. (AR 26.)

Second, as already noted, Plaintiff received only routine and conservative treatment (AR 27), which is a legitimate reason for discounting credibility. Parra, 481 F.3d at 750-51. The ALJ reasonably found that the lack of more aggressive treatment, surgical intervention, or even referral to an orthopedic surgeon for his back pain suggests Claimant's symptoms are not as severe as alleged. (AR 27.)

Third, the ALJ noted Plaintiff refused prescription pain medications, injections and acupuncture. (AR 27.) The failure to follow a prescribed treatment regimen is a legitimate reason for discounting credibility. Fair, 885 F.2d at 603.

Fourth, the ALJ found that, notwithstanding his back pain and other alleged symptoms, Mr. Galaang has engaged in a somewhat normal level of activity and interaction. (AR 26.) Daily activities which are inconsistent with disabling limitations is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, Claimant admitted activities that include watching television, driving, cooking, performing household chores, caring for his dog, using the computer, shopping for groceries, and managing his finances. (AR 25, 26-27.)

Plaintiff contends that these daily activities do not prove he can work, but they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's adverse credibility findings, but again it is the ALJ who has the responsibility for resolving ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 30, 2015                  /s/ John E. McDermott
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE